UNITED FIREMEN'S INSURANCE Co., Appellant, *v.* REGISTRAR OF PROPERTY OF AGUADILLA, Respondent.

No. 887. Submitted March 6, 1933.—Decided July 26, 1933.

*J. Henri Brown, C. Ruiz Nazario, G. E. González,* and *G. Benítez Gautier* for appellant.  The registrar appeared by brief.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the Court.

The appellant urges, as a ground for requesting a reconsideration of our former decision in this case (44 P.R.R. 816), that this court should have confined itself to a consideration of the question raised in the appeal and to a reversal of the decision appealed from.  Citation is made of the case of *Graciani* v. *Registrar,* 25 P.R.R. 41, where it was said that it is not in the brief, but at the foot of the document presented, where a registrar must state the legal reasons for his decision, in order that they may be considered.

We do not think that we have departed from the question originally raised by appellant in its appeal and later reproduced in its motion for reconsideration.  If our former opinion is carefully examined, it will be seen that we held that the fact that there really existed the partial transfer of a mortgage credit alleged by the appellant does not appear with certainty on the face of the documents presented to the registrar.  Our viewpoint is clearly stated in the following paragraph which we copy from said opinion:

"In the instant case it cannot be said that a right which is recordable in the registry of property has been transferred.  The claim was made that the insurance company was not liable to the mortgagor; but the assertion of that fact is not the fact itself on which the right to subrogation depended.  The mere assertion by the company is not sufficient to determine the existence of the fact.  It is necessary to prove it, and the burden of proof rests on the company.  If the subrogation had been recorded, the subrogated company could institute a foreclosure proceeding against the debtor, who, in order to defend his rights, would have to resort to an ordinary action against the fact that it is incumbent on the latter to prove its exemption from liability to the debtor.  It is possible that the claim of the company to exemption from liability to the debtor might be overcome by the evidence introduced in the plenary action, and then

a transfer of a right having no legal existence would have been recorded and the subrogated party would have been permitted to enforce, by means of a summary proceeding, a right that never existed."

We shall now consider the question such as is presented by the appellant. In the motion for rehearing it is alleged that the only ground adduced by the registrar for refusing the record sought was that "the documents the object of the decision were not the kind classified as recordable by section 2 of the Mortgage Law and the corresponding section of the Regulations, as it was not stated in said documents that Miss Santiago Oppenheimer partially assigned to the appellant her rights in the mortgage credit owed by Mr. René de Courceuill, but only that said creditor subrogated the appellant in said rights, the registrar being of the opinion that the subrogation neither constituted nor implied an assignment."

The appellant in its original petition stated, among other things, that the decision refusing the record was not justified, as the subrogation of rights set forth in said documents constituted a partial assignment of the mortgage debt with respect to the sum of $2,966.18. It added that the registrar in his decision failed to state the reason for his conclusion that the documents presented were not recordable, and on the assumption that such ground was that said documents did not actually recite that the mortgage credit had been partially assigned by Miss Santiago Oppenheimer in favor of the appellant, it maintained that said ground lacked legal force, inasmuch as the action of a mortgagee in subrogating a third person in his rights or a part thereof legally amounts to a partial assignment of the mortgage debt, since it is not possible for a subrogation to exist without including therein, in an implied manner, an assignment of the rights to which it relates.

We concur with the appellant in thinking that the registrar based his conclusion upon the fact that the subrogation

set forth in the documents presented for record did not constitute a partial assignment of the mortgage credit and that said documents are not expressly included among those mentioned in the second and third subdivisions of section 2 of the Mortgage Law or in the corresponding sections of the Regulations.

Naturally, we do not agree with the reasoning relied on by the registrar to maintain that there has been no partial assignment of the mortgage credit; but even though his reasoning may be erroneous his conclusion is correct, inasmuch as he is not bound to make the record until it is shown that the insurance company is not liable to the mortgagor.

In our former decision we stated that in both the subrogation and the assignment a transfer of rights is effected, and that the transfer of a mortgage credit recorded in the registry is a sufficient basis for the subrogated party to resort to the provisions of section 152 of the Mortgage Law. We hold, however, that the registrar does not know nor can he know by a reading of said documents whether a right is transferred, by reason of the allegation of the appellant to the effect that it owes no liability to the mortgage debtor. In order for the subrogation to arise it is necessary for the mortgage debtor to commit some act which will relieve the company from liability as to him. If this element is lacking no subrogation exists. How can the registrar know? By the mere allegation of the interested party? If so, then, as was justly said by the Supreme Court of Missouri in the case of *Lowenstein* v. *Queen Ins. Co.*, 227 Mo. 100, 17 S. W. 72, which we cited in our former opinion, that would be equivalent to making the insurance company a judge in its own case, which is so unreasonable that no court ought to uphold it. It is the proof of the fact and not the mere claim of the fact that should be taken into account for the purpose of the exoneration, as was said by that court. If the mere assertion by the interested party were sufficient to record a right in the registry of property, a case might arise

where a totally inexistent act might be made to appear in the registry and which would result in the execution of the credit apparently transferred and in an arbitrary deprivation of the property of the mortgage debtor. The assertion made by the company may or may not be true. If it is, means are available to it for enforcing its right, according to law and the principles of justice, but it can not demand the record of such right in order to place itself in a position to foreclose the claim upon the property of its alleged debtor.

The appellant in its motion for rehearing says that we decided the question involved *sua sponte,* without there being any allegation or argument thereon, without notice to the appellant, and without affording it an opportunity to argue the same and to support its arguments with proper citations of authorities. Although we are convinced that this court acted within its powers, without prejudicing any rights of the appellant, in view of the claim of a lack of notice, we decided to grant it 15 days to present any argument it deemed proper. In its new brief the appellant states that all the grounds on which it relied to request the reconsideration of our former decision and to maintain that the same should be set aside, are extensively set forth with citation of cases in the petition for rehearing filed on April 4, 1933, which the appellant submits to this court upon the arguments and citations contained therein.

The appellant further urges that if the right of subrogation in its favor depends for its effectiveness upon proof that there is no liability on its part as to the insured, then the contract involved in this appeal would be in the nature of a partial assignment of a mortgage debt subject to a condition, and this fact could be made to appear so as to have the registrar of property record said assignment subject to that condition.

We are not concerned in this case with a future obligation, whether suspensive or resolutory. The right of the

insurance company is a question which belongs to the past. It is not dependent upon any condition. The obligation, if it exists, was created from the moment in which, by virtue of an act of the insured, the insurance company was exonerated of responsibility as to him. The appellant, however, is bound to prove the existence of said obligation, and the record does not show that it has complied with this requisite. If, as it is sought here, this alleged right were to be recorded subject to further proof by the insurance company, and the latter should remain inactive without attempting to prove that there was no liability on its part as to the insured, the result might be that there would indefinitely remain in the registry a record of a nonexistent right made without the knowledge of the mortgage debtor. In conclusion, it would seem advisable to state that the mortgage debtor is entitled to have the amount paid by the insurance company to his creditor deducted from his indebtedness, unless he has performed some act which relieves the insurance company from liability as to him.

The rehearing sought is denied.

Mr. Justice Wolf dissented.